Haywood, Judge.
it has been admirted, I believe, in the case cited by Mr. Williams ; that case was cited and staled by some of the bar at Fayetteville, in the course of their argument, some time after it took place. I was informed of the decision soon after it .took place, but for my own part, l was always opposed to the principle of it, and took the earliest opportunity at the next term after it happened, and at Fayetteville, where the decision was given, to give it iny disapprobation. There a case came before (he court, where the clerk had gone to Georgia, and it was offered to substantiate the account by proof of his clerkship to the Plaintiff, and that the entries were in his hand-writing. This evidence was rejected by myself, and Judge Whiiams seemed to concur that the evidence was not proper. I am of opinion most clearly, the evidence now offered is improper, and ought not be received for the reasons offered by the Defendant’s counsel. The admission of such testimony would be immediately followed by a long train of frauds, as the committing of them would be rendered so easy and inviting by it.
Judge Stone.
I am of thesameopiuion. We should take care not to open a door to the practice of frauds.— The receiving of such testimony is certainly liable to the inconveniences mentioned by the Defendant’s counsel.— The evidence was rejected.